IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**MARY CLAYBORN,**

    **Plaintiff,**

v.                                                **CIVIL ACTION NO.** 3:20-cv-00523
                                                                **JURY TRIAL DEMANDED**

**LOWE'S HOME CENTERS, LLC,**

    **Defendants.**

## COMPLAINT

Your Plaintiff, Mary Clayborn, by her counsel, James D. McQueen, Jr. of McQueen Davis, PLLC, and Hoyt Glazer, Esq. of the Law Office of Hoyt Glazer, PLLC, files her legal action against the Defendant, Lowe's Home Centers, LLC seeking redress and remedy arising from the Defendants' deliberate failure to comply with the provisions of The Family and Medical Leave Act of 1993 ("FMLA"), the West Virginia Human Rights Act, and the public policy and common law of the state of West Virginia prohibiting illegal discrimination and retaliation against an employee based on her status as a Black person and also as an employee eligible for FMLA. Plaintiff requests a jury trial and relief sufficient to remedy the unlawful and outrageous employment practices of the Defendant.

## PARTIES

1. Plaintiff, Mary Clayborn, is and, at all times mentioned, was a citizen and resident of Cabell County, West Virginia.

2. Defendant, Lowe's Home Centers, LLC (hereinafter "Lowe's"), is and, at all times mentioned, was a foreign company licensed to do business in West Virginia with its principle office located in Wilkesboro, North Carolina.

3. At all times alleged, Defendant Lowe's acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment and/or assignment.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331.

5. Venue is appropriate in this case under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Cabell County, West Virginia which is in the Southern District of West Virginia.

## ALLEGATIONS OF FACT

6. On or about April 4, 2015, Lowe's hired Ms. Clayborn as a sales specialist.

7. Ms. Clayborn is Black, and, at all times mentioned, was the only female, Black employee where she worked.

8. On or about May of 2018, a White assistant store manager began picking on Ms. Clayborn and another Black employee.

9. Ms. Clayborn timely reported the aforementioned harassment to the Lowe's store managers.

10. Ms. Clayborn also timely reported the improper treatment to Lowe's corporate.

11. In February of 2019, Ms. Clayborn developed pneumonia, which caused her severe health problems.

12. Ms. Clayborn missed ten (10) days' work from her pneumonia, and applied for and received leave under the FMLA.

13. On Ms. Clayborn's return to work, Lowe's alleged she was late several days in a row.

14. Ms. Clayborn disputed Lowe's allegation that she was late, and reported the same to Lowe's management.

15. On March 28, 2019, shortly after Ms. Clayborn's return to work, Ms. Clayborn's manager told her that he could not fire her for having taken FMLA, and that he was firing her for having been absent.

16. The same day that Defendant fired her, Ms. Clayborn received a salary increase.

17. Over the next several months, Ms. Clayborn was unable to find suitable, gainful employment.

18. On or about September 19, 2019, Ms. Clayborn applied for work at another Lowe's in South Point, Ohio.

19. Lowe's gave Ms. Clayborn an interview, and offered her part-time employment in the paint department at $12 an hour.

20. Before Ms. Clayborn reported for duty, Lowe's contacted Ms. Clayborn, and alleged that she had failed a drug test.

21. Ms. Clayborn requested a copy of the drug test, and Lowe's refused to provide her a copy.

22. Over the past ten years, Ms. Clayborn has taken prescription medications, had never received a positive screen when tested, and was taking her prescription medications during her employment at the Barboursville Lowe's.

23. Defendant disseminated the alleged results of Ms. Clayborn's drug test to other employees and third persons who had no reason or business purpose to receive the same.

24. The above-alleged treatment from Lowe's has caused Ms. Clayborn to suffer stress, which has been diagnosed by her treating physician.

25. Since her termination from Lowe's last year, Ms. Clayborn has been unable to locate suitable, gainful employment.

## COUNT I: INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

26. Plaintiff incorporates the previous paragraphs as if set forth herein.

27. At all times mentioned, Plaintiff was qualified and eligible to take leave under the FMLA due to her serious health condition(s).

28. Prior to and at the time of her subsequent termination, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant.

29. Defendant is and was a covered employer under the FMLA, and employs 50 or more employees within 75 miles of the location where Plaintiff was employed.

30. Plaintiff requested a medical leave of absence (FMLA leave) to treat her serious health condition (pneumonia), and required leave of ten days from employment.

31. After approving Ms. Clayborn for FMLA, the Defendant took adverse actions against Plaintiff, which includes falsely marking her late and then terminating her for the same.

32. Defendants' termination of Plaintiff was reckless and in deliberate disregard of the Plaintiff's rights under the FMLA.

33. In terminating Plaintiff after it had approved her for FMLA, Defendant interfered with and violated Plaintiff's rights under the FMLA, and Plaintiff seeks all appropriate relief as requested in her prayer for relief.

### COUNT II: DISCRIMINATION/RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993

34. Plaintiff incorporates the previous paragraphs as if set forth herein.

35. Before requiring FMLA leave, Plaintiff had been employed by Defendant Lowe's for longer than 12 (twelve) months and had worked at least 1250 (twelve hundred fifty) hours of service for Defendant.

36. In seeking and receiving FMLA leave, Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief under the FMLA statute.

37. Defendants took adverse action against Plaintiff up to and including termination because Plaintiff received and/or was eligible for FMLA leave.

38. Defendants' conduct up to and including Plaintiff's termination is and was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA, and she seeks remedy as set forth in her prayer for relief.

### COUNT III: RACE DISCRIMINATION

39. Plaintiff incorporates the previous paragraphs as if set forth herein.

40. The Plaintiff is Black and a member of a protected class under the West Virginia Human Rights Act. W. Va. Code §5-11-9.

41. At all times, the Plaintiff is and was qualified for the job she held with the Defendant, and met the reasonable expectations of Lowe's.

42. The Defendants, by and through the actions of their agents intentionally discriminated against the Plaintiff based on her race.

43. The allegation that Plaintiff violated Defendant Lowe's attendance policy and/or was late several times, which resulted in Ms. Clayborn's termination, is mere pretext for the real

reason, namely, the intentional discrimination by Defendants against the Plaintiff based on her being Black.

44. As a direct and proximate result of the intentional discriminatory acts and practices of Defendants and their agents, the Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

45. Defendants knew or reasonably should have known that their actions involving the termination of Ms. Clayborn's employment were false, wanton, willful and malicious, intended solely to harm Plaintiff and indifferent to her rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests judgment as set forth in the prayer for relief

### COUNT IV: RETALIATORY DISCHARGE IN VIOLATION OF WEST VIRGINIA PUBLIC POLICY

46. Plaintiff incorporates the previous paragraphs as if set forth herein.

47. Before her termination by Lowe's, Ms. Clayborn had performed all conditions, covenants, promises, duties and responsibilities required of her and in accordance and conformity with Defendant's legitimate expectations.

48. In striving to comply with her duties as an employee and with the Family and Medical Leave Act, Plaintiff notified Defendant of her need for FMLA, and received approval for FMLA leave

49. Plaintiff's discharge followed her protected activity (receipt of FMLA) within such a period of time that the Court can infer retaliatory motivation.

50. The Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful

discharge in violation of the public policies embodied in the FMLA *Vandevander v. Verizon Wireless, LLC*, 149 F. Supp. 3d 724, 731 (S.D.W.Va. 2016)(Chambers, J.)(noting FMLA provides a substantial public policy sufficient to support a West Virginia common law claim for retaliatory discharge in violation of public policy); *Collins v. Lowe's Home Ctrs., LLC*, 2017 U.S. Dist. LEXIS 201430 (S.D.W.Va. December 7, 2017)(Chambers, J.)(Following *Vandevander*).

51. As a direct and proximate result of Defendants' intentional, discriminatory, and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other benefits of employment, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to her reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks relief as set forth below.

52. Defendants and their agents knew or reasonably should have known that their actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm Ms. Clayborn.

53. Defendants' actions are and were indifferent to Plaintiff's rights under the public policies embodied in FMLA. Wherefore, Plaintiff seeks punitive damages and relief as provided below.

**COUNT V: INASION OF PRIVACY**

54. Plaintiff incorporates the previous paragraphs as if set forth herein.

55. Defendant's actions against Plaintiff including, but not limited to, disseminating the alleged results of Plaintiff's drug screen to third parties invaded Plaintiff's privacy by unreasonably creating publicity which places Plaintiff in a false light.

56. Defendant falsely represented and publicized to the public and members of Plaintiff's community that Plaintiff has used illegal substances preventing her re-hire.

57. Defendants' false representation of Plaintiff to the public resulted in embarrassment, humiliation and damage to Plaintiff's reputation.

58. This false representation that Plaintiff used illegal substances would be highly offensive to a reasonable person in our society.

59. Defendant made false representations regarding Plaintiff when Defendant had knowledge said representations were/are false and/or did so with reckless disregard for the truth or falsity of said representations and/or did so contrary to the actions of a reasonable person under the same/similar circumstances.

60. As a result of Defendants' actions, Plaintiff has suffered damages including, but not limited to, anxiety and emotional distress, and she seeks relief as provided below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages as set forth below:

On Counts I and II, grant Plaintiff back wages, liquidated damages, compensatory damages, reinstatement and/or front pay, the costs of litigation, including court costs, any expert witness fees, reasonable attorneys' fees, and all other remedies allowed under the FMLA;

On Counts III, IV and V, grant Plaintiff actual damages for lost wages, front pay and back pay, lost compensation, fringe benefits and out of pocket costs and expenses in an amount to be determined by a jury;

On Counts III, IV and V, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Ms. Clayborn as a direct and proximate result of Defendants' conduct;

On Counts III, IV and V, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendants for their reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing her action;

Attorney fees; and

Such other relief as the Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, MARY CLAYBORN,
By Counsel,

/s/ James D. McQueen, Jr.
James D. McQueen, Jr., (WV Bar #2507)
**McQueen Davis, PLLC**
Century Building, Suite 200
314 Ninth Street
Huntington, West Virginia 25701
T. (304) 522-1344
F. (304) 522-1345

Hoyt Glazer, Esq. (WV Bar #6479)
**Law Office of Hoyt Glazer, PLLC**
618 10th Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-245-6283